CHAIN | COHN | STILES
Neil K. Gehlawat, Esq. (SBN 289388)
Email: ngehlawat@chainlaw.com
1731 Chester Avenue
Bakersfield, CA 93301
Telephone: (661) 323-4000
Facsimile: (661) 324-1352

THE LAW OFFICE OF THOMAS C. SEABAUGH
Thomas C. Seabaugh, Esq. (SBN 272458)
Email: tseabaugh@seabaughfirm.com
601 West Fifth Street, Eighth Floor
Los Angeles, CA 90071
Telephone: (213) 225-5850

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA HARGROVE,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF BAKERSFIELD;<br>BAKERSFIELD POLICE DEPARTMENT<br>OFFICER CHRISTOPHER MOORE;<br>BAKERSFIELD POLICE DEPARTMENT<br>SENIOR OFFICER G. VAZQUEZ; DOES<br>1 – 10, inclusive<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  Fourth Amendment – Excessive Force (42 U.S.C. § 1983)<br>2.  Fourth Amendment – Detention and Arrest (42 U.S.C. § 1983)<br>3.  Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)<br>4.  Fourteenth Amendment – Equal Protection (42 U.S.C. § 1983)<br>5.  First Amendment – Retaliation (42 U.S.C. § 1983)<br>6.  Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)<br>7.  Municipal Liability – Ratification (42 U.S.C. § 1983)<br>8.  Municipal Liability – Inadequate Training (42. U.S.C. § 1983)<br>9.  Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)<br>10. Violation of Ralph Act (Cal. Civil Code § 51.7) |

11. Violation of Bane Act (Cal. Civil Code § 52.1)
12. Battery (California Law)
13. False Arrest/False Imprisonment (California Law)
14. Negligence (California Law)

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR DAMAGES**

Plaintiff Tatyana Hargrove, for her Complaint against Defendants City of Bakersfield, Officer Moore, Officer Vazquez, and Does 1-10, inclusive, alleges as follows:

**INTRODUCTION**

1.    This civil rights action arises out of the outrageous beating and arrest of Tatyana Hargrove by Bakersfield Police Department Officers on June 18, 2017.

2.    Hargrove was riding her bicycle on her way home when she was stopped by Officers Moore and Vazquez of the Bakersfield Police Department. Officer Moore had his service weapon drawn and pointed at Hargrove. Hargrove had done nothing wrong.

3.    Officer Moore inquired if Hargrove had been at the Grocery Outlet, which she denied. Officer Moore then demanded that she hand over her backpack. She asked Officer Moore if he had a warrant, and in response the officers violently retaliated.

4.    Officer Vazquez grabbed Hargrove off her bike, propped her up, punched her in the face, and threw her to the ground. Then, and for no reason, Officer Moore released his K-9 partner onto Hargrove. The K-9 bit Hargove's leg as she screamed for help and pleaded with the officers to get the K-9 off her.

5.    After the K-9 let go of her, Officer Vazquez placed his knee on her back and then her head while she remained face down.

6.    Even though she was completely innocent of a crime, Hargrove was maliciously arrested and detained overnight at the Central Receiving Facility before she was bailed out by her parents.

7.      The officers claimed they mistook the 5 foot, 2-inch Hargrove for a 30-year-old, 5 foot, 10-inch black male, who was reported to have been brandishing a machete at the nearby Grocery Outlet earlier that day.

8.      On August 2, 2017, the Kern County District Attorney dropped all charges against Hargrove.

9.      Hargrove shared her story online in a video posted on the Bakersfield NAACP's Facebook page, which has been viewed over 8 million times.

10.      The mistreatment of Hargrove is part of a pattern of misconduct by Bakersfield police officers involving racial prejudice. A number of other victims have also come forward. In addition to seeking redress for what happened to her individually, Hargrove seeks to use this lawsuit to more broadly address the wrongful customs, policies, and practices of the Bakersfield Police Department.

11.      This case is in the public interest.

## **PARTIES**

12.      At all relevant times, Plaintiff Tatyana Hargrove ("Hargrove") was an individual residing in the County of Kern, State of California.

13.      At all relevant times, Defendant City of Bakersfield ("Defendant City") is and was a municipal corporation existing under the laws of the State of California. The Defendant City is a chartered subdivision of the State of California with the capacity to be sued. The Defendant City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Bakersfield Police Department and its agents and employees. The Defendant City was responsible for ensuring that the action, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California. The Defendant City was the employer of Defendants Moore, Vazquez, and Does 1-10.

14.      At all relevant times, Defendants Moore, Vazquez, and Does 1-10 ("the Officer Defendants") were duly authorized employees and agents of the Defendant City, subject to

oversight by the Defendant City's elected and non-elected officials, and were acting under color of law within the course and scope of their duties as police officers for the Bakersfield Police Department and with the complete authority and ratification of the Defendant City. On information and belief, the Officer Defendants are residents of the County of Kern, State of California. Pursuant to California Government Code § 815.2, the Defendant City is vicariously liable for the torts committed by the Officer Defendants while in the course and scope of their employment with the Defendant City.

15.     The true names of Does 1-10, inclusive, are unknown to Plaintiff, who therefore sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

16.     The Officer Defendants are directly liable for Plaintiff's injuries under federal and state law and are sued in their individual capacities for damages only. The Officer Defendants engaged in the conduct described below, integrally participated in, or failed to intervene to prevent it when they had a reasonable opportunity to do so.

17.     On August 30, 2017, Plaintiff filed a comprehensive and timely claim for damages with the Defendant City pursuant to applicable sections of the California Government Code.

18.     On October 13, 2017, the Defendant City denied Plaintiff's claim by operation of law.

## JURISDICTION AND VENUE

19.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. §§ 1983 and 1985 and the First, Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1376(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

20.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

21.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.     On June 18, 2017, Tatyana Hargrove rode her bicycle to the Wooden Nickel Trading Co. to buy her father a Father's Day present. When she arrived, the store was closed, so she decided to return home.

23.     Due to the heat, she stopped near the intersection of Ming Avenue and Ashe Road to drink some water. She was carrying water bottles in her backpack.

24.     At this point, approximately four officers from the Bakersfield Police Department arrived on scene.

25.     Officer Moore pointed his firearm at her.

26.     Officer Moore asked her two times if she had been at the Grocery Outlet on Ming Avenue. She replied "No" each time.

27.     Officer Moore then demanded to see her backpack. Hargrove asked him if he had a warrant. Officer Moore told her that he did not need a warrant.

28.     Officer Moore then retrieved his attack dog "Hamer" from his patrol vehicle. Officer Vazquez directed Hargrove's attention to the K-9 by pointing in its direction.

29.     Hargrove was in fear for her life and so she placed her backpack on the handle of her bicycle and pointed it in the direction of Officer Vazquez.

30.     Hargrove took out her cell phone in an attempt to record the encounter. She told the officers that she did not want to be another black person who was being assaulted by the police for no reason.

31.     At this point, Officer Vazquez threw her phone on the ground, grabbed Hargrove off her bike, propped her up, punched her in the face, and threw her to the ground.

32.     Officer Moore then ordered his attack dog Hamer to engage Hargrove. Hamer bit Hargrove's leg severely as she screamed for help and pleaded with the officers to get the K-9 off her.

33.     While she was face down on the ground, Officer Vazquez got on top of her and placed his knee on her back and then her head. Hargrove again pleaded for help as she was having trouble breathing.

34.     At no point was Hargrove armed, resisting, nor did she pose a threat to the officers.

35.     Officer Vazquez handcuffed her wrists and legs and then placed her in the back of his patrol vehicle.

36.     Hargrove was transported to Kern Medical, where she received medical treatment for her injuries.

37.     She was maliciously arrested for PC 148(a)(1) – Resisting or delaying an officer and PC 69 – Aggravated Assault on an Officer.

38.     She was booked into the Central Receiving Facility. She was released the following morning after her parents posted bail in the amount of $2,000.

39.     On August 2, 2017, the Kern County District Attorney dismissed all charges against Hargrove.

40.     To this date, Hargrove suffers from both physical and emotional injuries.

**<u>FIRST CAUSE OF ACTION</u>**

**Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**

(Against All Officer Defendants)

41.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42.     The Officer Defendants used excessive and unreasonable force against Hargrove, violating her rights under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     All of the Officer Defendants are liable for Hargrove's injuries, either because they used, were integral participants in the excessive force, or failed to intervene to prevent the excessive force.

44.     Hargrove was harmed.

45.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition of exemplary and punitive damages as to each of them.

46.     Hargrove seeks compensatory damages, punitive damages, and attorney fees under this claim.

## SECOND CAUSE OF ACTION

### Fourth Amendment – Detention and Arrest (42 U.S.C. § 1983)

(Against All Officer Defendants)

47.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48.     Hargrove was detained without reasonable suspicion and arrested without probable cause. This conduct violates Plaintiff's rights under the Fourth Amendment of the United States Constitution as applied to the state actors by the Fourteenth Amendment.

49.     All of the Officer Defendants are liable for Plaintiff's injuries, either because they wrongfully detained and arrested Hargrove, were integral participants in the unlawful detention and arrest of Hargrove, or because they failed to prevent the detention and arrest of Hargrove.

50.     Hargrove was harmed.

51.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition of exemplary and punitive damages as to each of them.

52.     Hargrove seeks compensatory damages, punitive damages, and attorney fees under this claim.

///

## **THIRD CAUSE OF ACTION**

### **Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)**

(Against All Officer Defendants)

53.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     Hargrove has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of her right to life, liberty, or property in such a manner to shock the conscience.

55.     The aforementioned conduct of the Officer Defendants, along with other undiscovered conduct, shocks the conscience, in that they acted with deliberate indifference to the constitutional rights of Hargrove, and with purpose to harm unrelated to any legitimate law enforcement objective.

56.     Without limitation, the following conduct of the Officer Defendants shocks the conscience:

a.     Stopping and approaching Hargrove for no legitimate reason;

b.     Conducting an illegal search of Hargrove;

c.     Beating Hargrove;

d.     Using a K-9 and excessive physical force in response to Hargrove attempting to record the encounter on her phone;

e.     Improperly detaining Hargrove;

f.     Unlawfully arresting Hargrove;

g.     Filing false reports and bringing false charges against Hargrove;

h.     Engaging in the above conduct based on racial prejudice;

i.     Integrally participating in or failing to intervene in the above misconduct; and

j.     Attempting to cover up the above misconduct.

///

///

57.     As a result of the Officer Defendants' conduct, Hargrove was harmed.

58.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition of exemplary and punitive damages as to each of them.

59.     Hargrove seeks compensatory damages, punitive damages, and attorney fees under this claim.

## FOURTH CAUSE OF ACTION

### Fourteenth Amendment – Equal Protection (42 U.S.C. § 1983)

(Against All Officer Defendants)

60.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.     Hargrove has a cognizable interest under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of equal protection of the laws.

62.     The aforementioned conduct of the Officer Defendants, along with other undiscovered conduct, deprived Hargrove of the equal protection of the laws, in that the Officer Defendants engaged in the above acts and omissions based on Hargrove's race.

63.     In particular, after Hargrove stated that the actions of the police were racially motivated and attempted to record the encounter, the manner in which the Officer Defendants responded became exponentially more aggressive.

64.     Hargrove was harmed.

65.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition of exemplary and punitive damages as to each of them.

66.     Hargrove seeks compensatory damages, punitive damages, and attorney fees under this claim.

///

**FIFTH CAUSE OF ACTION**

**First Amendment – Retaliation (42 U.S.C. § 1983)**

(Against All Officer Defendants)

67.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.     The Officer Defendants deprived Hargrove of her particular rights under the First Amendment to the Constitution when they retaliated against her for asserting her rights and questioning the officers' conduct.

69.     This conduct includes, but is not limited to, the officers using physical force, threatening to release, and actually releasing, a K-9 in response to Hargrove questioning the validity of the search, stating that this stop was based on her race, and taking out her cell phone to record the encounter

70.     Hargrove at all relevant times was engaged in constitutionally protected activity.

71.     By contacting, beating, detaining, and arresting Hargrove, and by maliciously fabricating charges against Hargrove, together with all the conduct described above and other undiscovered conduct, the Officer Defendants interfered with and retaliated against the exercise of Hargrove's First Amendment rights.

72.     Hargrove was harmed.

73.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition of exemplary and punitive damages as to each of them.

74.     Hargrove seeks compensatory damages, punitive damages, and attorney fees under this claim.

///
///
///
///

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

**SIXTH CAUSE OF ACTION**

**Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)**

(Against All Officer Defendants)

75.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.     The Officer Defendants conspired to deprive Hargrove of her rights, including the right to be free from arrest without probable cause and detention absent reasonable suspicion; the right to be free from excessive and unreasonable force; her rights under the First Amendment to free speech and freedom from retaliation; the right to be free from malicious prosecution; the right to substantive due process; and the right to equal protection and equal privileges and immunities.

77.     By contacting, beating, releasing a K-9, detaining, and arresting Hargrove, and by maliciously fabricating charges against Hargrove, together with all the conduct described above and other undiscovered conduct, the Officer Defendants engaged in acts in furtherance of the conspiracy.

78.     Hargrove was harmed.

79.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition of exemplary, punitive damages, and attorney fees under this claim.

80.     Hargrove seeks compensatory damages, punitive damages, and attorney fees under this claim.

**SEVENTH CAUSE OF ACTION**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendant City)

81.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82.     The officer Defendants acted under color of law.

83.     The Officer Defendants deprived Hargrove of her particular rights under the First, Fourth, and Fourteenth Amendments, as alleged above.

84.     Upon information and belief, a final policymaker for the Defendant City has ratified or will ratify the conduct of the Officer Defendants and the bases for it. Upon information and belief, the final policymaker acted under color of law and with final policymaking authority from the Defendant City.

85.     Upon information and belief, the Defendant City has determined or will determine that the conduct of the Officer Defendants was within policy.

86.     Upon information and belief, none of the Officer Defendants have been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident. In fact, immediately following the incident, Sergeant Ryan Kroeker of the Bakersfield Police Department publically stated the officers use of force was appropriate and no investigation should be necessary.

87.     As a result of the Defendant City's conduct, Hargrove sustained injuries and suffered and continues to suffer from them.

88.     Hargrove seeks compensatory damages and attorney fees under this claim.

## EIGHTH CAUSE OF ACTION

### Municipal Liability – Inadequate Training (42 U.S.C. § 1983)

(Against Defendant City)

89.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.     The Officer Defendants acted under color of law.

91.     The Officer Defendants deprived Hargrove of her particular rights under the First, Fourth, and Fourteenth Amendments, as alleged above.

92.     The training policies of the Defendant City were not adequate to train its police officers to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident, the Defendant City did not adequately train its officers with respect to

the rights of Hargrove and those similarly situated. Also, as evidenced by this incident, the Defendant City did not adequately train tis officers to intervene when other officers are observed to be violating the rights of innocent civilians or using excessive or unreasonable force.

93.    The Defendant City was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

94.    The failure of the Defendant City to provide adequate training caused the deprivation of Hargrove's rights by the Officer Defendants.

95.    As a result of the Defendant City's inadequate training policies, Hargrove was harmed.

96.    Hargrove seeks compensatory damages and attorney fees under this claim.

## NINTH CAUSE OF ACTION

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(Against Defendant City)

97.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 96 of this Complaint with the same force and effect as if fully set forth herein.

98.    The Officer Defendants acted under color of law.

99.    The Officer Defendants deprived Hargrove of her particular rights under the First, Fourth, and Fourteenth Amendments, as alleged above.

100.    In November 2017, the American Civil Liberties Union released a report entitled, "Patterns & Practices of Police Excessive Force in Kern County." The report concludes the Bakersfield Police Department (along with the Kern County Sherriff's Office) "engaged in patterns and practices that violate civil rights… [and] patterns of excessive force." The report specifically references the use of canines and excessive force when victims were not posing a threat to the safety of the officers and the disproportionate application to minorities. The study also found that law enforcement agencies in Bakersfield have a history of abuse of process; that is, they are notorious for pressing false criminal charges against victims in an effort to prevent victims from pursuing civil claims alleging excessive force.

101.   Upon information and belief, the Defendant City maintained the following unconstitutional customs, practices, and policies:

a.   The use of excessive force;

b.   Unlawfully searching citizens;

c.   Unlawfully detaining citizens;

d.   Unlawfully arresting citizens;

e.   Abuse of process in using criminal charges to intimidate and prevent victims from bringing charges for use of excessive force;

f.   Racial profiling, and engaging in the above conduct based on racial prejudice;

g.   The failure to intervene when officers engage in the above misconduct;

h.   Failing to address patterns of excessive force and other violations of citizens' rights;

i.   Employing and retaining as police officers individuals such as the Officer Defendants, who the Defendant City at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for engaging in the above misconduct;

j.   Inadequately supervising, training, controlling, and disciplining the Officer Defendants, who the Defendant City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

k.   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling intentional misconduct by City police officers, including the Officer Defendants;

l.   Failing to discipline City police officers for misconduct, including without limitation misconduct that is racially motivated. This failure to discipline includes "slaps on the wrist" – discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

m. Failing to properly investigate complaints of the above misconduct, including without limitation racial profiling or racially motivated violations of citizens' rights;

n. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes.Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

102. The policies described above are also evidenced by the following incidents:

a. In 2014, Bakersfield Police Department wrongfully attacked Jesus A. Trevino, who is deaf, tackling him and fracturing his wrist.

b. In January 2015, Bakersfield Police Department officers assaulted and wrongfully detained Arturo Gonzalez, which was captured on video.Mr. Gonzalez was unarmed and complying with officers' commands at the time he was assaulted.

c. In October 2015, Bakersfield Police Department officers wrongfully detained and arrested 44-year old local producer/director Monte Wilson to retaliate against him for filming them.Wilson, too, is black and alleges that his detention and arrest were racially motivated.

d. In December 2015, Officer Melendez was involved in an officer-involved shooting.The shooting occurred after a vehicle pursuit.Officer Melendez shot an unarmed black male after the pursuit ended and stated, "Run now, nigga."

e. In December 2016, Bakersfield Police Department officers wrongfully assaulted and wrongfully detained Timothy Grismore and Xavier Hines

1    after using a racial slur during the encounter. Grismore and Hines, both

2    black, allege that the detention and arrest were racially motivated.

3    103.    Additionally, the following instances evidence the Bakersfield Police Department's

4 practice of abuse of process in filing false charges to prevent victims from filing civil lawsuits:

5    a.    In May 2015, Bakersfield Police Department officers unnecessarily opened

6    fire and paralyzed unarmed 21-year-old Gilberto Fajardo. Fajardo was taken

7    into custody and charged with one or more crimes. Mr. Fajardo has been

8    unable to try his civil case due to the criminal charges pressed against him.

9    b.    In December 2016, Timothy Grismore and Xavier Hines were assaulted by

10    polices officers in the course of an unlawful stop. Following the use of

11    excessive force, Grismore and Hines were booked into custody and falsely

12    and maliciously were charged with one or more crimes. These charges were

13    later dropped by the District Attorney.

14    104.    As a result of the Defendant City's unconstitutional customs, practices, or policies,

15 Hargrove was harmed.

16    105.    Hargrove seeks compensatory damages and attorney fees under this claim.

17 **TENTH CAUSE OF ACTION**

18 **Violation of Ralph Act (Cal. Civil Code § 51.7)**

19 (Against All Defendants)

20    106.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through

21 105 of this Complaint with the same force and effect as if fully set forth herein.

22    107.    California Civil Code Section 51.7 (the Ralph Act) prohibits any person from

23 committing violent acts against another person when the motivating reason for the conduct was

24 the victim's race.

25    108.    The Officer Defendants violated Hargrove's rights under the Ralph Act when they

26 apprehended, searched, assaulted, beat, detained, and arrested Hargrove, and a motivating factor

27

28

1  was Hargrove's race, even though Hargrove had done nothing wrong and had not committed any

2  crime.

3      109.    The conduct of the Officer Defendants was willful, wanton, malicious, and done

4  with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition

5  of exemplary and punitive damages as to each of them.

6      110.    As a result of the conduct of Officer Defendants, Hargrove was harmed.

7      111.    Defendant City is vicariously liable for the wrongful acts of Officer Defendants

8  pursuant to section 815.2(a) of the California Government Code, which provides that a public

9  entity is liable for the injuries caused by its employees within the scope of the employment if the

10  employee's act would subject him or her to liability.

11      112.    Hargrove seeks compensatory damages, statutory damages, punitive damages, and

12  attorney fees under this claim.

13                    **ELEVENTH CAUSE OF ACTION**

14              **Violation of Bane Act (Cal. Civil Code § 52.1)**

15                      (Against All Defendants)

16      113.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through

17  112 of this Complaint with the same force and effect as if fully set forth herein.

18      114.    California Civil Code Section 52.1 (the Bane Act) prohibits any person from

19  interfering with another person's exercise or enjoyment of his constitutional rights by violence,

20  threats, intimidation, or coercion.

21      115.    The acts of the Officer Defendants, as described above, interfered with the civil

22  rights of Hargrove protected by both the California Constitution and the United States

23  Constitution, including and without limitation, Hargrove's right to be free from unreasonable

24  searches and seizures, to due process, to equal protection of laws, to be free from state actions that

25  shock the conscience, and to life, liberty, and property.

26      116.    All Officer Defendants either engaged in this conduct, integrally participated in it,

27  or failed to prevent the violation of Hargrove's rights.

28

117.    The Officer Defendants successfully interfered with the above civil rights of Hargrove. The acts of the Officer Defendants prevented Hargrove from exercising the above rights, which she was fully entitled to enjoy.

118.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition of exemplary and punitive damages as to each of them.

119.    As a result of the conduct of the Officer Defendants, Hargrove sustained injuries and have suffered and continue to suffer from them.

120.    Defendant City is vicariously liable for the wrongful acts of Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

121.    Hargrove seeks compensatory damages, statutory damages, punitive damages, and attorney fees under this claim.

## TWELFTH CAUSE OF ACTION

### Battery (California Common Law)

(Against All Defendants)

122.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 121 of this Complaint with the same force and effect as if fully set forth herein.

123.    The Officer Defendants used excessive unreasonable force against Hargrove.

124.    All of the Officer Defendants are liable for Hargrove's injuries, either because they used excessive force, were integral participants in the excessive force, or failed to intervene to prevent the excessive force.

125.    Hargrove was harmed.

126.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Hargrove and therefore warrants the imposition of exemplary and punitive damages as to each of them.

127.    Defendant City is vicariously liable for the wrongful acts of Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

128.    Hargrove seeks compensatory damages and punitive damages under this claim.

**THIRTEENTH CAUSE OF ACTION**

**False Arrest/False Imprisonment (California Common Law)**

(Against All Defendants)

129.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 128 of this Complaint with the same force and effect as if fully set forth herein.

130.    The Officer Defendants intentionally deprived Hargrove of her freedom of movement by use of force, threats of force, menace, fraud, deceit, or unreasonable duress.

131.    The Officer Defendants detained Hargrove without a reasonable suspicion and arrested her without probable cause.

132.    Hargrove did not knowingly or voluntarily consent.

133.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for Hargrove's rights and safety and therefore warrants the imposition of exemplary and punitive damages as to each of them.

134.    Hargrove was harmed.

135.    Defendant City is vicariously liable for the wrongful acts of Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

136.    Hargrove seeks compensatory damages and punitive damages under this claim.

///

///

///

## FOURTEENTH CAUSE OF ACTION

### Negligence (California Common Law)

(Against All Defendants)

137.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 136 of this Complaint with the same force and effect as if fully set forth herein.

138.     The actions and inactions of the Officer Defendants described above – together with undiscovered conduct – were negligent and reckless.

139.     The following conduct, without limitation, fell below the standard of care:

a.   Stopping and approaching Hargrove even though she did not fit the description of the individual they were looking for;

b.   Conducting an illegal search of Hargrove;

c.   Releasing a K-9 on Hargrove;

d.   Beating Hargrove;

e.   Improperly detaining Hargrove;

f.   Unlawfully arresting Hargrove;

g.   Filing false reports and bringing false charges against Hargrove;

h.   Engaging in the above conduct based on racial prejudice;

i.   Integrally participating in or failing to intervene in the above misconduct;

j.   Attempting to cover up the above misconduct;

k.   Negligent supervision of the individuals engaged in the above misconduct;

l.   The failure to ensure that adequate numbers of employees with appropriate education and training were available to protect the rights of Hargrove.

140.     As a result, Hargrove was harmed.

141.     Defendant City is vicariously liable for the wrongful acts of Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    142.    Hargrove seeks compensatory damages under this claim.

2                                    **PRAYER FOR RELIEF**

3        WHEREFORE, Plaintiff Tatyana Hargrove requests entry of judgment in her favor and

4    against Defendants City, Moore, Vazquez, and Does 1-10, inclusive, as follows:

5        A.    For compensatory damages, in an amount to be proven at trial;

6        B.    For statutory damages, in an amount permitted by law;

7        C.    For punitive damages against the individual defendants, in an amount to be proven

8    at trial;

9        D.    For interest;

10       E.    For reasonable costs of this suit and attorneys' fees;

11       F.    For injunctive relief against the Defendant City to prohibit racially-motivated

12   assaults and arrests; and

13       G.    For such other relief as the Court may deem just, proper, and appropriate.

14   DATED:    December 22, 2017          CHAIN | COHN | STILES

15

16                                        */s/ Neil K. Gehlawat*
                                         BY: _____
17                                         Neil K. Gehlawat
                                           Attorney for Plaintiff
18

19   DATED:    December 22, 2017          THE LAW OFFICE OF THOMAS C. SEABAUGH

20

21                                        */s/ Thomas C. Seabaugh*
                                         BY: _____
22                                         Thomas C. Seabaugh
                                           Attorney for Plaintiff
23

24   ///

25   ///

26   ///

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:         December 22, 2017         CHAIN | COHN | STILES


                                        */s/ Neil K. Gehlawat*
                              BY: _____
                                  Neil K. Gehlawat
                                  Attorney for Plaintiff

DATED:         December 22, 2017         THE LAW OFFICE OF THOMAS C. SEABAUGH


                                        */s/ Thomas C. Seabaugh*
                              BY: _____
                                  Thomas C. Seabaugh
                                  Attorney for Plaintiff