# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA HARGROVE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01743- JLT<br><br>ORDER AFTER INFORMAL TELEPHONIC CONFERENCE<br>(Doc. 33) |

The Court held an informal conference re: discovery dispute (Doc. 33), counsel and the Court discussed several issues of concern by the plaintiff. The parties agreed to resolve a couple of the issues but could not resolve others. Thus, the Court **ORDERS**:

1. No later than May 10, 2019, the City of Bakersfield will provide a statement made under penalty of perjury that the reason Officer Moore and the K-9 he handled at the time of the incident involving the plaintiff no longer work together, is completely unrelated to the incident involving the plaintiff. The plaintiff agrees that with this statement, she no longer seeks responses to categories 17 and 18 listed in the deposition notice to the City;

2. No later than April 29, 2019, defense counsel SHALL notify plaintiff's counsel whether the City, through Police Chief Lyle Martin or otherwise, will be called to testify at trial to disagree with the statements attributed to Chief Martin by the plaintiff's parents and which, they claim were made during a telephone call about the incident with the plaintiff. If the City intends to call such a witness, the plaintiff may file a motion to compel the deposition of Chief Martin no later than May 10, 2019. If the plaintiff files this motion, she SHALL address the issue of timeliness and the factors related to an

apex witness deposition;

3. No later than April 29, 2019, plaintiff's counsel SHALL notify defense counsel whether she will persist in her objections to the instructions not to answer given to the City's representative at the deposition. If the plaintiff will persist in these objections, the defense SHALL file a motion for protective order no later than May 10, 2019. Fed. R. Civ. P. 30(c)(2) ["A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."]

IT IS SO ORDERED.

Dated: **April 26, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE