1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   TATYANA HARGROVE,                    )   Case No.: 1:17-cv-01743 JLT
                                          )
12                 Plaintiff,             )   PRETRIAL ORDER
                                          )
13          v.                            )
                                          )
14                                        )
                                          )
15   CITY OF BAKERSFIELD, et al.,         )
                                          )
16                 Defendants.            )
                                          )
17   _____   )

18

19

20          Plaintiff seeks monetary damages for their injuries pursuant to the Federal Court Claims Act,

21   28 U.S.C. § 2671.  (*See* Doc. 1)

22   **A.      JURISDICTION/ VENUE**

23          This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345(b), and

24   supplemental jurisdiction for Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367.

25   In addition, the venue is proper in the United States District Court for the Eastern District of

26   California.  *See* 28 U.S.C. § 1391.

27   **B.      UNDISPUTED FACTS**

28          1.      Defendants admit that Plaintiff's claims herein arise out of an incident that took place

1

in the City of Bakersfield, State of California, and within this judicial district.

2.    The City of Bakersfield maintains, operates and controls the Bakersfield Police Department. The City of Bakersfield is a duly organized public entity existing under the laws of the State of California, it is a chartered subdivision of the State of California with the capacity to sue and be sued it is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies.

3.    The City of Bakersfield employed Defendants Moore and Vasquez.

4.    Defendants Moore and Vasquez were acting under color of law within the course and scope of their duties as police officers in regard to this incident.

5.    The incident giving rise to this litigation occurred on Sunday, June 18, 2017.

6.    On June 18, 2017, at approximately 12:21 p.m., there was a report of an assault with a deadly weapon at the Grocery Outlet located at 6421 Ming Avenue in Bakersfield, California.

## C.    DISPUTED FACTS

All remaining material facts are disputed, including, but not limited to:

1.    Whether Defendants Moore or Vazquez had reasonable suspicion to detain Tatyana Hargrove;

2.    Whether Defendants Moore or Vazquez had probable cause to arrest Tatyana Hargrove;

3.    Whether, as either a detention or an arrest, the seizure of Tatyana Hargrove was justified;

4.    Whether Defendants Moore and/or Vazquez used excessive or unreasonable force;

5.    Whether Defendants Moore or Vazquez participated in or failed to intervene in the wrongful conduct of the other;

6.    Whether Defendants Moore and/or Vazquez retaliated against Tatyana Hargrove for one or more statements she made during the encounter, such as asking for a warrant or stating that she was being stopped on account of her race, or for attempting to record the encounter on her cellphone.

7.    Whether Defendants Moore and/or Vazquez were negligent;

8.    Whether Defendants Moore and/or Vazquez conspired to deprive Hargrove of her rights, including the right to be free from arrest without probable cause and detention absent

reasonable suspicion, the right to be free from excessive and unreasonable force, her rights under the First Amendment to free speech and freedom from retaliation, the right to be free from malicious prosecution; the right to substantive due process, and the right to equal protection;

9. Whether the Defendant City of Bakersfield ratified the unconstitutional acts of Defendants Moore and/or Vazquez;

10. Whether the Defendant City of Bakersfield failed to adequately train Defendants Moore and/or Vazquez, and whether that failure to train was a cause of their unconstitutional acts;

11. Whether Defendants Moore and/or Vazquez acted pursuant to an unconstitutional custom, practice, or policy within the police department;

12. Whether a substantial motivating reason for the conduct of Defendants Moore and/or Vazquez was Hargrove's race;

13. The nature and extent of Plaintiff's damages, including economic and non-economic damages, both past and future; and

14. Whether punitive damages should be imposed and, if so, the amount.

**Defendants submit that the following additional issues are in dispute:**

1. Whether the use of force by Defendant Christopher Moore was excessive;

2. Whether the use of force by Defendant George Vasquez was excessive;

3. Whether Tatyana Hargrove resisted detention and/or arrest;

4. Whether the detention of Plaintiff Hargrove by Defendant Christopher Moore was unlawful;

5. Whether the detention of Plaintiff Hargrove by Defendant George Vasquez was unlawful;

6. Whether the Defendant Officers had probable cause to stop and/or detail and/or arrest Plaintiff;

7. Whether Defendant Christopher Moore violated the Plaintiff's Substantive Due Process Claim (and if such claim can even be made under the Fourteenth Amendment);

8. Whether Defendant George Vasquez violated the Plaintiff's Substantive Due Process Claim (and if such claim can even be made under the Fourteenth Amendment);

3

9.     Whether Defendant Christopher Moore violated the Plaintiff's Fourteenth Amendment Rights under the Equal Protection clause;

10.     Whether Defendant George Vasquez violated the Plaintiff's Fourteenth Amendment Rights under the Equal Protection clause;

11.     Whether Defendants' actions were motivated by Plaintiff's race;

12.     Whether Plaintiff was treated differently from those who are/were similarly situated;

13.     Whether Defendant Christopher Moore retaliated against the Plaintiff thereby violating her First Amendment Rights;

14.     Whether Defendant George Vasquez retaliated against the Plaintiff thereby violating her First Amendment Rights;

15.     Whether Defendant Christopher Moore and Defendant George Vasquez conspired to violate the Plaintiff's civil rights;

16.     Whether Plaintiff's civil rights were violated;

17.     Whether the Defendant Officers violated the Plaintiff's civil rights and whether the City of Bakersfield ratified the conduct of the Defendant Officers;

18.     Whether the Defendant Officers violated the Plaintiff's civil rights and whether the City of Bakersfield had inadequate training which caused such violation;

19.     Whether the Defendant Officers violated the Plaintiff's civil rights and whether the City of Bakersfield maintained an Unconstitutional Custom, Practice or Policy which caused the violation of Plaintiff's civil rights;

20.     Whether the Defendants committed violent acts against the Plaintiff which were motivated by the Plaintiff's race;

21.     Whether the Defendants violated the Plaintiff's civil rights by use of threats, intimidation or violence (or other Bane Act factors);

22.     Whether Defendant Moore is liable to Plaintiff for Battery;

23.     Whether Defendant Vasquez is liable to Plaintiff for Battery;

24.     Whether the detention and/or arrest of Plaintiff was lawful;

25.     Whether Defendant Christopher Moore was negligent;

26. Whether Defendant George Vasquez was negligent;

27. Whether Defendants Moore and Vasquez are entitled to Qualified Immunity;

28. Whether there is any evidence of racial animus;

29. Whether Ms. Hargrove mitigated her damages, if any;

30. Whether the use of force was justified based on Ms. Hargrove's resistance;

31. Whether Ms. Hargrove was comparatively negligent;

32. Whether Ms. Hargrove was resisting detention and/or arrest;

33. Whether Defendants are immune under the Government Code and/or Penal Code;

34. Whether Ms. Hargrove's claimed injuries are the result of her own intentional acts;

35. Whether Defendants had probable cause to stop;

36. Whether Defendants had probable cause to detain;

37. Whether Defendants had probable cause to arrest;

38. Whether Defendants are immune from liability pursuant to Cal. Civ. Code § 3342(b);

39. Whether Defendants are entitled to an award of attorneys fees and costs.

**D.     DISPUTED LEGAL ISSUES**

None.

**E.     DISPUTED EVIDENTIARY ISSUES**

**<u>Plaintiffs:</u>**

1.     Plaintiff will move to exclude all information not known to the officers at the time of the incident, to include without limitation all information about Tatyana Hargrove's background that was not known to the officers at the time. In addition to being irrelevant because the officers did not know it at the time of the incident, it is inadmissible character evidence to the extent that the Defendants intend to argue that it makes it more likely that the incident transpired one way as opposed to another. Finally, this evidence poses the danger of unfair prejudice. The information not known to the officers at the time of the incident includes all information regarding Tatyana Hargrove's background, school grades, disciplinary history at school, therapy for unrelated behavioral issues as a juvenile, prior history of fighting, or other alleged prior bad acts.

2.     Plaintiff will also move to exclude information subsequent to the incident relating to

the machete wielding-man, which was not known to the police at the time of the incident and is therefore irrelevant.

3.     Plaintiff will move to exclude any reference to gangs, drugs, or weapons other than the machetes identified in the dispatch recordings.

4.     Plaintiff will move to exclude the testimony of expert Kris Mohandie, on the grounds that his opinions are irrelevant, character evidence, misleading, unreliable, lacking in foundation, unhelpful to the jury, and pose the danger of unfair prejudice.

5.     Plaintiff will move to preclude or limit testimony about the officers' subjective states of mind, beliefs, or fears.

6.     Plaintiff will move to exclude references to any other crime or incident other than the one to which the officers were directed to respond. This motion would also comprehend references to the area where the incident took place as a "gang neighborhood" or a "high-crime area."

7.     Plaintiff will move to exclude certain opinions and testimony by Defendants' police practices expert.

8.     Plaintiff will move to exclude certain opinions and testimony by Defendants' medical expert.

9.     Plaintiff will file motions regarding the qualified immunity and comparative negligence defenses, to establish how these defenses will (and will not) be handled at trial and in front of the jury.

**Defendant:**

1.     Motion to Exclude the fact that Christopher Moore is no longer paired with his K9 partner.

2.     Motion to Exclude Any alleged Statements Purportedly Given By The Chief of Police Subsequent to this Incident.

3.     Motion to Exclude Any Discipline of Either Officer.

4.     Motion to Exclude other IA Reports Pertaining to Other Matters.

5.     Motion to exclude reference to the Bakersfield Police Department or its officers as the "deadliest police force in America" and/or the use of such other inflammatory terms.

6.     Motion to exclude any reference to any settlement reached on behalf of any of the

Defendants in any other case.

7. Motion to exclude any alleged statistics regarding the use of force or deadly force by the Bakersfield Police Department.

8. Motion to exclude any reference to the recent report issued by the ACLU.

9. Motion to exclude any reference to the Grismore/Hines matter;

10. Motion to exclude any reference to the 2004 DOJ Letter;

11. Motion to exclude any reference to allegedly wrongful acts by other law enforcement officers or agencies (i.e., Ferguson, Tamir, Rice, etc).

12. Motion to exclude any evidence or argument that either the Department of Justice, the FBI, or any other agency is investigating the City of Bakersfield Police Department.

13. Motion to exclude non- party witnesses from the courtroom.

14. Motion to exclude any golden rule argument.

15. Motion to exclude past economic damages.

16. Motion to exclude particular future economic damages.

17. Motion to exclude surveillance video of incident at the Grocery Outlet.

18. Motion to exclude description of suspect that was not known to Defendant officers at time of contact with Ms. Hargrove including but not limited to fact that the suspect had a goatee or was bald.

19. Motion to exclude recent arrest/placement on administrative leave of Evan Demestihas.

20. Motion to exclude particular exhibits identified by Plaintiff.

F. **RELIEF SOUGHT**

**Plaintiff**

The plaintiff seeks damages for non-economic compensatory damages under federal and state law, including but not limited to physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, and humiliation – both past and future; Economic damages, including both past and future medical expenses; Punitive damages; Statutory damages and civil penalties; Attorneys' fees and costs; Injunctive relief against the Defendant City to prohibit racially-motivated assaults and arrests in the future. In addition, plaintiffs seek a determination of zero comparative

negligence on the part of plaintiff Ray Ramone.

**Defendant**

Defendants contend that all actions taken were entirely lawful and reasonable.  Defendants seek dismissal of this case, costs, and attorneys' fees under 42 U.S.C. § 1988 and 42 U.S.C. § 1927, Federal Rule of Civil Procedure 54, Local Rules 292 and 293, and all other applicable statutes and rules.

**G.  ABANDONED ISSUES**

None.

**H.  WITNESSES**

1.  The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**Plaintiffs' Witnesses**

1.  Chief Lyle Martin, who can be contacted through Defendants' counsel of record

2.  Christopher Moore, who can be contacted through Defendants' counsel of record

3.  George Vazquez, who can be contacted through Defendants' counsel of record

4.  Brent Stratton, who can be contacted through Defendants' counsel of record

5.  Evan Demestihas, who can be contacted through Defendants' counsel of record

6.  Joseph Mullins, who can be contacted through Defendants' counsel of record

7.  Robert Calvin, who can be contacted through Defendants' counsel of record

8.  Trisha Wattree, who can be contacted through Defendants' counsel of record

9  William Snider, 3105 Sumer Creek Ct, Bakersfield California 93311

10.  Tatyana Hargrove, who can be contacted through Plaintiff's counsel of record

11.  Scott DeFoe (retained expert), 526 21st Street, Huntington Beach, CA 92648

12.  Dr. Sanjog Pangarkar (retained expert), 100 UCLA Medical Plaza, Suite 760, Los Angeles, CA 90095

13.    Dr. Ashok Parmar (non-retained expert), 8325 Brimhall Road, Suite 100, Bakersfield, CA 93312

14.    Dr. Majid Rahimifar (non-retained expert), 2601 Oswell Street, Suite 101, Bakersfield, CA 93306

15.    Kanuele Martin (non-retained expert), 3628 Stockdale Highway, Bakersfield, CA 93309

16.    Alecia Reese, who can be contacted through Plaintiff's counsel of record

17.    Craig Reese, who can be contacted through Plaintiff's counsel of record

18.    Elizabeth Lopez, Little Caesars Pizza (Admin. Assistant)

19.    Jerry Lee, 5607 Wilson Rd, Bakersfield, California 93009

20.    Timothy Grismore, who can be contacted through Plaintiff's counsel of record (as to the Monell claim only)

21.    Xavier Hines, who can be contacted through Plaintiff's counsel of record (as to the Monell claim only)

22.    Arturo Gonzalez, 4800 Chinta Drive, Bakersfield, CA 93313 (as to the Monell claim only)

23.    Jesus Trevino, 8200 Kroll Way #252, Bakersfield, CA 93311 (as to the Monell claim only)

24.    Monte Wilson, c/o NAACP Bakersfield, 1317 California Ave. Bakersfield, CA. 93304 (as to the Monell claim only)

**<u>Defendants' Witnesses</u>**

1.    Christopher Moore, who can be contacted through Defendants' counsel of record.

2.    George Vasquez, who can be contacted through Defendants' counsel of record.

3.    Brent Stratton, who can be contacted through Defendants' counsel of record.

4.    Evan Demestihas, who can be contacted through Defendants' counsel of record.

5.    Joseph Mullins, who can be contacted through Defendants' counsel of record.

6.    Robert Calvin, who can be contacted through Defendants' counsel of record.

7.    Trisha Wattree, who can be contacted through Defendants' counsel of record.

9

8. William Snider, who can be contacted through Defendants' counsel of record.

9. Clarence Chapman (expert), who can be contacted through Defendants' counsel of record.

10. Harvey Edmonds M.D. (expert), who can be contacted through Defendants' counsel of record.

11. Kris Mohandie Ph.D. (expert), who can be contacted through Defendants' counsel of record.

12. Lyle Martin, who can be contacted through Defendants' counsel of record.

13. Karen Moniz-Smith MFT (non retained expert), Henrietta Weill Memorial Child Guidance Clinic, 3828 Stockdale Highway, Bakersfield, CA 93309.

14. Donna Grays, BA, (non retained expert) Henrietta Weill Memorial Child Guidance Clinic, 3828 Stockdale Highway, Bakersfield, CA 93309.

15. Leann Kraetsch, MFT, (non retained expert) Henrietta Weill Memorial Child Guidance Clinic, 3828 Stockdale Highway, Bakersfield, CA 93309.

16. Susan Wooten, MFT, (non retained expert) Henrietta Weill Memorial Child Guidance Clinic, 3828 Stockdale Highway, Bakersfield, CA 93309.

17. Frederick Rowe, M.D, (non retained expert) Henrietta Weill Memorial Child Guidance Clinic, 3828 Stockdale Highway, Bakersfield, CA 93309.

18. Custodian of Records for Kern County Superintendent of Schools (Including Sillect Community Schools).

19. Karen Loucks, Kern Community School, 1300 17th Street City Centre, Bakersfield, CA 93301.

20. Custodian of Records/Fed. R. Civ. Pro 30(b)(6) witness re Plaintiff's disciplinary history while at Tevis Junior High School, 3901 Pin Oak Blvd, Bakersfield, CA 93311.

21. Kent Williams, Tevis Junior High School, 3901 Pin Oak Blvd, Bakersfield, CA 93311.

22. Custodian of Records/Fed. R. Civ. Pro 30(b)(6) witness re Plaintiff's disciplinary history while at Vista West High School, 7115 Rosedale Hwy, Bakersfield, CA 93308.

23. Custodian of Records/Fed. R. Civ. Pro 30(b)(6) witness re Plaintiff's disciplinary history while at Stockdale High School, 2800 Buena Vista Road, Bakersfield, CA 93311.

24. Officer Danni Melendez, who can be contacted through Defendants' counsel of record.

25. Officer Santos Luevano, who can be contacted through Defendants' counsel of record.

26. Officer Nathan Poteete, who can be contacted through Defendants' counsel of record.

27. Officer Ryan Clark, who can be contacted through Defendants' counsel of record.

28. Officer James Montgomery, who can be contacted through Defendants' counsel of record.

29. Ryan Miller, who can be contacted through Defendants' counsel of record.

30. Charles Sherman, who can be contacted through Defendants' counsel of record.

31. Curtis Cope, who can be contacted through Defendants' counsel of record.

32. Doug Barrier, who can be contacted through Defendants' counsel of record.

33. Juan Orozco, who can be contacted through Defendants' counsel of record.

34. Kasey Knott, who can be contacted through Defendants' counsel of record.

35. Joseph Whittington, Law Office of Rodriguez & Associates, 1128 Truxtun Avenue Bakersfield, CA 93301.

**2.** **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:

a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

3. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

a. The witness could not reasonably have been discovered prior to the discovery cutoff;

b. The court and opposing parties were promptly notified upon discovery of the witness;

c. If time permitted, the party proffered the witness for deposition; and

d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**I. EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1. **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria**:

a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

a. The exhibits could not reasonably have been discovered earlier;

b. The court and the opposing parties were promptly informed of their existence; and

c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Plaintiffs' Exhibits**

1. BPD Photographs (H6K73354-H6K73409)

2. BPD General Offense Hardcopy (Police Report)

3. Recorded and Transcribed IA Interviews

4. CAD Call Hardcopy

5. Dispatch Tape / Radio Traffic

6. Use of Force Report

7. Select BPD Policies

8. Select POST learning domains

9.      Bakersfield Californian article containing Lyle Martin statements

10.    Channel 23 news article containing Lyle Martin statements

11.    Bakersfield Police Memorandum and Citizen Complaint, Case Number CC2015-025.

12.    Citizen Complaint/Internal Affairs Investigation Case Number IA2016-025

13.    Citizen Complaint/Internal Affairs Investigation Case Number CC2015-0017

14.    Citizen Complaint/Internal Affairs Investigation Case Number IA2017-008

15.    NAACP Video

16.    Written record of phone call with Lyle Martin

17.    Bakersfield Police Department Internal Affairs Division Year End Report 2015

18.    Bakersfield Police Department Internal Affairs Year End Report 2016

19.    Internal Affairs 2017 Annual Report

**Defendant's Exhibits**

1.      Use of Force Interview (Audio and Transcribed)

2.      Select Photographs of the Scene, Plaintiff, Defendant Officers, and Plaintiff's belongings

3.      Select Henrietta Weill Records

4.      Select Kern Medical Center Records

5.      Select records from Tevis Junior High School

6.      Select records from Vista High School

7.      Select Records from Kern County Superintendent of Schools

8.      Photograph of Suspect arrested for the crime

9.      Hargrove NAACP video

10.    Voluntary Dismissal with Prejudice executed by Monte Wilson

11.    Audi interview of Timothy Grismore

12.    Video Deposition of Timothy Grismore

13.    Grismore/Hines NAACP video

14.    Kern Community College District (Bakersfield College) Records for Timothy Grismore

15. Kern Community College District (Bakersfield College) Records for Timothy Grismore

16. Discovery Responses from Timothy Grismore refusing to produce information pertaining to his alleged Medical Marijuana Card

17. Kern County Artietis pertaining to Timothy Grismore

18. Kern County Artietis pertaining to Xavier Hines

19. Music Videos produced by Monte Wilson

20. Email from Joseph Whittington re agreement to voluntarily dismiss *Wilson v. COB*, in exchange for a waiver of costs.

21. Photographs of Trevino incident/scene

22. Photographs of Wilson incident/scene

23. Photographs of Gonzalez incident/scene

On or before **September 19, 2019** counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by **September 17, 2019.**

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiffs' exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiffs' exhibits will be pre-marked with numbers beginning with 1 by the

14

designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

## INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3.     As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.     Each exhibit binder shall contain an index which is placed in the binder before the exhibits.   Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

## INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5.     On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

6.     On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants SHALL develop four complete, legible sets of exhibits.  The parties SHALL deliver three sets of their exhibit binders to the

Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **October 11, 2019**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

  7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

**J. POST-TRIAL EXHIBIT RETENTION**

  Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the courtroom deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**K. DISCOVERY DOCUMENTS**

  The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

  **Plaintiffs' Documents**

  1. Defendants' Initial Disclosures (4/18/2018)

  2. Defendants' Supplemental Disclosure (10/4/2018)

  3. Defendant City of Bakersfield's Responses to Plaintiff's RFPD, Set One

  4. Defendant City of Bakersfield's Responses to Plaintiff's RFPD, Set Two

  **Defendant's Documents**

  1. Plaintiff's Initial Rule 26 Disclosure

  2. Plaintiff's Responses to Interrogatories Propounded by Defendant City of Bakersfield

  3. Plaintiff's Supplemental Responses to Interrogatories Propounded by Defendant City of Bakersfield

  4. Plaintiff's Responses to Interrogatories Propounded by Defendant Christopher Moore

  5. Plaintiff's Supplemental Responses to Interrogatories Propounded by Defendant Christopher Moore

6.     Plaintiff's Responses to Interrogatories Propounded by Defendant George Vasquez

7.     Plaintiff's Supplemental Responses to Interrogatories Propounded by Defendant George Vasquez

**L.    MOTIONS IN LIMINE**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." <u>Luce v. United States</u>, 469 U.S. 38, 40 n. 2 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. <u>Id</u>.

**<u>In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. The conference should be in person but, if this is not possible, SHALL, at a minimum, be telephonic. Written meet-and-confer conferences are unacceptable. Along with their motions in limine, the parties SHALL file a certification detailing the conference such to demonstrate counsel have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion.</u>**

Any motions in limine must be filed with the Court by **September 23, 2019**. The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party and filed with the Court by **September 30, 2019**. The Court sets a hearing on the motions in limine on **October 7, 2019**, at 9:00 a.m. Counsel may appear via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Magistrate Judge's Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

The parties are reminded they may still object to the introduction of evidence during trial.

///

**M. FURTHER DISCOVERY OR MOTIONS**

Plaintiff intends to file the motions in limine described above. Plaintiff also expects to make motions under Rule 50 during trial as to any affirmative defenses asserted by Defendants as to which a reasonable jury would not have a legally sufficient evidentiary basis to find for the Defendants after Defendants have been fully heard.

Defendants intend to file various Motions in Limine. The Motions in Limine that are currently contemplated are set forth in Section E of this Joint Pretrial Statement. Defendants also intend to file a Motion to Bifurcate both the *Monell* claims and the amount of punitive damages from liability issue of the named officers. Defendants intend to file a Motion to substitute a witness in place of Evan Demestihas, who had been offered previously as a Fed. Civ. Pro. 30(b)(6) witness. Defendants reserve the right to supplement and/or amend those Motions, which are specifically identified. Defendants will file a Motion pursuant to both Fed. R. Civ. P 50(a) and Fed. R. Civ. Pro 50(b).

**N. STIPULATIONS**

None.

**O. AMENDMENTS/ DISMISSALS**

The parties agree to the dismissal of the "Doe Defendants" from the Plaintiff's' Complaint. This request is **GRANTED**.

**P. SETTLEMENT NEGOTIATIONS**

The parties recently engaged in a settlement conference, but the matter has not settled.

**Q. AGREED STATEMENT**

The parties do not believe that any part of this action can be or should be presented based upon an Agreed Statement of Facts. However, the parties will attempt to reach an agreement regarding an acceptable Neutral Statement to be read to the jury pool.

**R. SEPARATE TRIAL OF ISSUES**

**Plaintiff**

Plaintiff agrees to the bifurcation of the amount of punitive damages but otherwise opposes bifurcation.

*///*

**Defendants**

Defendants seek bifurcation of the *Monell* claims as well as the amount of punitive damages, if any, that should be awarded.

The Court **ORDERS** that the issue of *Monell* liability and the amount of punitive damages will be bifurcated and/or trifurcated. The Court declines to engage the jury in determinations of other claimed instances of constitutional violations based upon custom and policy until there is a determination of individual liability. The Court finds that the risk of jury confusion and unfair prejudice is overwhelming and, if there is no individual liability, presentation of this evidence would represent an undue waste of time.

In the event the trial proceeds to the *Monell* phase, the plaintiff is cautioned that she will be permitted to present only evidence that proves the unconstitutional custom or policy she contends caused the civil rights violations she suffered. This evidence must demonstrate sufficiently similar conduct such that the entity was alerted or should have been, that the plaintiff was at risk of suffering a constitutional violation.[1]

**S. APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**T. ATTORNEYS' FEES**

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

**U. TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

A jury trial is set for **October 15, 2019** at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 5-10 days.

**V. TRIAL PREPARATION AND SUBMISSIONS**

**1. Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before

---

[1] The Court observes that, based upon what it knows as of now, the Trevino and Gonzalez matters seem to be significantly different factually.

19

**October 7, 2019**.

        **2.**        **Jury Voir Dire**

        The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **October 7, 2019**.

        **3.**        **Jury Instructions & Verdict Form**

        The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **September 23, 2019**. The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than **September 26, 2019**. At the conference, the parties SHALL attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than **October 7, 2019** and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties SHALL lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

        If and only if, the parties after a genuine, reasonable and good faith effort, cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **October 7, 2019** and identify such as the disputed jury instructions and verdict forms.  At the same time, the parties SHALL lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

        In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the complete text of the instruction, and the legal authority supporting the instruction.  Each instruction SHALL be numbered.

**W.**        **OBJECTIONS TO PRETRIAL ORDER**

        Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the

requested modifications, corrections, additions or deletions.

**X. MISCELLANEOUS MATTERS**

None.

**Y. COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:  __September 16, 2019__          ____/s/ Jennifer L. Thurston__
                                                    UNITED STATES MAGISTRATE JUDGE