1  Michael G. Marderosian, No. 77296
   Heather S. Cohen, No. 263093
2  MARDEROSIAN & COHEN
3  1260 Fulton Street
   Fresno, CA 93721
4  Telephone: (559) 441-7991
   Facsimile: (559) 441-8170
5
   Virginia Gennaro, No. 138877
6  City Attorney
   CITY OF BAKERSFIELD
7  1501 Truxtun Avenue
8  Bakersfield, CA 93301
   Telephone: (661) 326-3721
9  Facsimile: (661) 852-2020

10 Attorneys for: Defendants CITY OF BAKERSFIELD, CHRISTOPHER MOORE and GEORGE VASQUEZ

11 Neil K. Gehlawat, Esq.
   ALDERLAW, P.C.
12 1875 Century Park East, Suite 1500
13 Los Angeles, CA 90067
   Telephone: (310) 275-9131
14 Facsimile: (310) 275-9132

15 Thomas C. Seabaugh, Esq.
   THE LAW OFFICE OF
16 THOMAS C. SEABAUGH
17 601 West Fifth Street, Ste. 800
   Los Angeles, CA 90071
18 Telephone: (213) 225-5850

19 Attorneys for: Plaintiff TATYANA HARGROVE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TATYANA HARGROVE, | ) Case No. 1:17-CV-01743-JLT |
|---|---|
| Plaintiff, | ) **STIPULATION AND [PROPOSED]** <br> ) **ORDER RE DEFENDANTS' MOTIONS** <br> ) **IN LIMINE NOS. 1, 5, 8, 10, 12, 13,** <br> ) **14, 17 AND 19** |
| vs. | |
| CITY OF BAKERSFIELD, et al. | ) (Doc. 55) |
| Defendants. | ) |

1

**RECITALS**

WHEREAS the Parties filed their Joint Pretrial Statement on September 9, 2019 [Dkt. No. 44] wherein Defendants listed a total of 23 Motions in Limine they intended to file;

WHEREAS the Court issued its Pretrial Order on September 16, 2019 [Dkt. No. 47] listing the Motions in Limine and ordering that they be filed on or before September 23, 2019;

WHEREAS, on September 17, 2019, the Parties met and conferred and determined that certain issues raised by the Defendants in their Motions in Limine were not in dispute.

**STIPULATION**

**IT IS HEREBY STIPULATED,** by and between the Parties hereto, through their respective attorneys of record, that:

1. The parties agree that no party will introduce, reference, or allude to the fact that Christopher Moore is no longer paired with his K9 partner;

2. The parties agree that no party will introduce, reference, make statements to the effect or allude to the Bakersfield Police Department or its officers as the "deadliest police force in America";

3. The parties agree that no party will introduce, reference, or allude to the recent report issued by the ACLU;

4. The parties agree that no party will introduce, reference, or allude to the 2004 Department of Justice letter;

5. The parties agree that no party will introduce, reference, or argue that either the Department of Justice, the Federal Bureau of Investigation, or any other agency is investigating the City of Bakersfield Police Department;

6. Non-party witnesses will be excluded from the Courtroom;

7. No party will make any "Golden Rule Argument";

8. The parties agree that no party will introduce, reference, or allude to the recent arrest/placement on administrative leave of Evan Demestihas;

9. The parties enter into this Stipulation with the understanding that any party is free to argue at trial that the door has been opened with respect to any of the above categories. In such a situation, that party must raise the issue outside the presence of the jury and seek the Court's permission to depart from this Stipulation.

Additionally, the Plaintiff and her counsel agree that:

10. The Plaintiff agrees to waive past medical expenses;

11. Dr. Pangarkar is not going to testify that Ms. Hargrove needs any sort of neuropsychological evaluation.

Dated: September 25, 2019          THE LAW OFFICE OF THOMAS C. SEABAUGH

By: */s/ Thomas C. Seabaugh*
_____
Thomas C. Seabaugh,
Attorneys for Plaintiff

Dated: September 25, 2019          ALDERLAW PC

By: */s/ Neil Gehlawat*
_____
Neil Gehlawat,
Attorneys for Plaintiff

Dated: September 25, 2019          MARDEROSIAN & COHEN

By: */s/ Michael G. Marderosian*
_____
Michael G. Marderosian,
Attorneys for Defendants
above-named.

**ORDER**

**IT IS SO ORDERED THAT:**

1. The Parties agree that no Party will introduce, reference, or allude to the fact that Christopher Moore is no longer paired with his K9 partner;

2. The Parties agree that no Party will introduce, reference, make statements to the effect or allude to the Bakersfield Police Department or its officers as the "deadliest police force in America";

3. The Parties agree that no Party will introduce, reference, or allude to the recent report issued by the ACLU;

4. The Parties agree that no Party will introduce, reference, or allude to the 2004 Department of Justice letter;

5. The Parties agree that no Party will introduce, reference, or argue that either the Department of Justice, the Federal Bureau of Investigation, or any other agency is investigating the City of Bakersfield Police Department;

6. Non-party witnesses will be excluded from the Courtroom;

7. No party will make any "Golden Rule Argument";

8. The Parties agree that no Party will introduce, reference, or allude to the surveillance video of the incident at the Grocery Outlet store;

9. The parties agree that no party will introduce, reference, or allude to the recent arrest/placement on administrative leave of Evan Demestihas;

10. In the event a party feels that the door has been opened with regard to any of the above categories, that party will raise the issue outside of the presence of the jury and seek the Court's permission to depart from this Order;

11. Based on the foregoing, it is unnecessary for the Court to rule on Defendants' Motions in Limine Nos. 1, 5, 8, 10, 12, 13, 14, 17 and 19.

12. The Plaintiff waives any claim to past medical expenses.

///
///
///
///

13. Dr. Pangarkar will not testify that the Plaintiff needs any sort of neuro-psychological evaluation.

IT IS SO ORDERED.

Dated: **September 25, 2019**         **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE