1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
9
## EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  TATYANA HARGROVE, | Case No.: 1:17-cv-01743- JLT |
| 12      Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS |
| 13      v. | (Doc. 33) |
| 14  CITY OF BAKERSFIELD, et al., | |
| 15      Defendants. | |

16      As agreed by the parties, the plaintiff has sought to have her opposition to the motions in

17  limine and her opposition to the change in the City's Rule 30(b)(6) witness filed under seal.  The

18  only rationale for the sealing was that the parties had agreed that certain depositions, upon which

19  her oppositions rely, would be treated as confidential.  In reviewing the oppositions, the Court

20  finds the request for sealing is not supported by law.

21      Federal Rule of Civil Procedure 26(c) determines when documents may be sealed.  The

22  Rule permits the Court to issue orders to "protect a party or person from annoyance,

23  embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret

24  or other confidential research, development, or commercial information not be revealed or be

25  revealed only in a specified way."  Only if good cause exists may the Court seal the information

26  from public view after balancing "the needs for discovery against the need for confidentiality.'"

27  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel.

28  Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. <u>EEOC v. Erection Co.</u>, 900 F.2d 168, 170 (9th Cir. 1990); see also <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir.2006); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. <u>EEOC</u> at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." <u>Valley Broadcasting Co. v. United States District Court</u>, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth how a request to seal documents should be made. In addition, the legal authority recited here demonstrates that sealing may occur *only* if good cause is shown. Though the Court issued the stipulated protective order, this order did not authorize filings under seal. (Doc. 21 at 4) Because there is not good cause shown for the request, the request is **DENIED**. Either side may renew this request.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1.       Plaintiff's request to seal (Doc. 63) is **DENIED** without prejudice. Counsel SHALL immediately confer as to whether the request for sealing will be renewed. If either side intends to do this, the request SHALL be made no later than noon on October 3, 2019. If neither side wishes to renew the request, the plaintiff SHALL file a notice to this effect and she SHALL file her unredacted oppositions on the public docket immediately. Failure of counsel to timely meet and confer will not excuse Plaintiff from filing her unredacted documents as ordered.

IT IS SO ORDERED.

Dated:   __**October 1, 2019**__          _____**/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE