# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA HARGROVE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-1743 JLT<br><br>ORDER GRANTING MOTION TO SUBSTITUTE A WITNESS<br><br>(Doc. 48) |

The defense seeks to substitute Joseph Mullins (one of the 30(b)(6) witnesses) for another, Evan Demestihas. (Doc. 48) Because it is immaterial who provides the testimony of the entity, given the fact that the City's testimony has been taken previously, there is no prejudice to allowing the defense to substitute these witnesses and the motion is **GRANTED**.

I.   **Background**

The plaintiff sought to take the deposition of the entity and, toward this end, issued a deposition notice and 27 topics upon which she would examine the City. In response, the City produced three witnesses: Joseph Mullins, Brent Stratton and Evan Demestihas. Each submitted to deposition and gave testimony on behalf of the entity. After those depositions, Lyle Martin submitted to a deposition at which he testified about the topics at issue in this motion.

A month ago, Mr. Demestihas was placed on administrative leave following an arrest alleging domestic violence. (Doc. 48 at 7) Consequently, the defense seeks to substitute Joseph Mullins for Mr.

1

Demestihas because the latter is not a current representative of the entity.

At issue in this motion[1], is the testimony Mr. Demestihas gave on certain topics:

22. All verbal statements, communications, and writings by Lyle Martin that relate to the incident in this case.

23. All verbal statements, communications and writings by Lyle Martin to Tatyana Hargrove or her family members.

24. All verbal statements, communications and writings by Lyle Martin with any officers in this case.

25. Lyle Martin's apology to the family of Tatyana Hargrove.

26. Lyle Martin's statement to Officer Christopher Moore that he has the officers' back.

In opposing this motion, the plaintiff reports that Mr. Demestihas testified that, "Chief Martin 'wasn't admitting to any wrongdoing,' and that 'everything that happened was based on [Ms. Hargrove's] lack of cooperation, her violating the law, her not listening.'" (Doc. 66 at 2) The plaintiff asserts that this testimony is "at odds with the statements Chief Martin made to Plaintiffs parents after the incident occurred, when he called to apologize for what happened" . . . and is "at odds with some of the statements attributed to him by the media, which Chief Martin acknowledged making at the time of his deposition." Id. at 2-3. The plaintiff reports that Chief Martin, at his own deposition admitted to telling a reporter from the local paper that, "From the policy and technique standpoint, in my opinion, I think we missed on this one in regards to the use of the K-9." Id. at 3. The plaintiff notes that Mr. Demestihas testified, "'So I don't know where this quote came from. I don't know if they misquoted him or not,' and then chalked the quote up to 'communication issues.'" Id.

The plaintiff's opposition to this motion boils down to this argument, "[W]hen Plaintiff calls Chief Martin to the stand, Plaintiff needs to be able to cross-examine the Chief about things he told Mr. Demestihas about statements he made to Plaintiff's parents and the media. If the Chief denies making these statements to Mr. Demestihas, then Plaintiff would need to call Mr. Demestihas to the stand to testify about what the Chief told him."

///

---

[1] The plaintiff does not object to the substitution except as to the topics about which Mr. Demestihas testified.

2

**II.     Depositions of the entity**

After receiving a deposition notice pursuant to Rule 30(b)(6), the entity has an obligation "to provide a witness who can answer questions regarding the subject matter listed in the notice." Detoy v. City & County of San Francisco, 196 F.R.D. 362, 366 (N.D.Cal.2000) (quoting King v. Pratt & Whitney, a Div. of United Technologies Corp., 161 F.R.D. 475, 476 (S.D.Fla.1995)).

The designee is not required to have personal knowledge of the topics at issue but must be sufficiently prepared on the topics such to provide knowledgeable and binding testimony. United States v. Taylor, 166 F.R.D. 356, 361, aff'd, 166 F.R.D. 367 (M.D.N.C.1996); Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc., 251 F.R.D. 534, 539 (D.Nev.2008). The designee's role is to establish the entity's interpretation of events and documents. United States v. J.M. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.1996).

The impact on the trial stemming from 30(b)(6) testimony is no less than that imposed on an individual. Notably, Federal Rules of Civil Procedure Rule 32(a)(3) allows a party to use the deposition testimony of the entity just as the party may use any other deposition transcript. Courts, however, are divided as to whether the testimony of the entity's designee should have greater effect that testimony by an individual. This divide was considered recently by this Court in Munoz v. Giumarra Vineyards Corp., 2015 WL 5350563, at *4-6 (E.D. Cal. Sept. 11, 2015). The Court held,

> There is a marked divide in the caselaw. Some courts suggest that an agency is bound by the testimony of its Rule 30(b)(6) designee. Other courts hold that 'testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes,' and that such testimony does not 'bind' the designating entity 'in the sense of [a] judicial admission.' This treats the testimony as that of any witness, making it subject to correction and/or impeachment. Other courts adopt a middle ground and hold that a party cannot rebut the testimony of its Rule 30(b)(6) witness when, as here, the opposing party has relied on the Rule 30(b)(6) testimony, and there is no adequate explanation for the rebuttal.
>
> Coalition v. McCamman, 725 F.Supp.2d 1162, 1172 (E.D.Cal.2010), citations omitted. The Ninth Circuit has not yet ruled on this issue. Though the opinion in Coalition formally states "It is not necessary to resolve the competing lines of authority on the binding effect of testimony..." the court appears to prescribe the third position for future developments in the case, advising that "The Gingras [Rule 30(b)(6)] testimony may be amplified or explained, so long as a material change or retraction is not made without a reasonable basis." Coalition v. McCamman, 725 F.Supp.2d 1162, 1173 (E.D.Cal.2010). This court similarly adopts the third position, that Rule 30(b)(6) testimony can only be rebutted when there is an explanation for why the earlier testimony is mistaken.

The Court agrees.

## III. Analysis

The defense admits that Mr. Mullins will maintain the same testimony that the City gave through Mr. Demestihas and will not contradict it. From this standpoint, the plaintiff would suffer not prejudice from allowing the substitution. The claimed difficulty arises because the plaintiff wants information beyond that which Mr. Demestihas gave at his deposition. The plaintiff does not seek to examine Mr. Demestihas as a representative of the City, but to inquire of him about an event that occurred *while he prepared to* represent the entity.

It is notable also that Mr. Demestihas denied knowledge about the statement to the newspaper Chief Martin adopted at his deposition. (Doc. 66 at 3) Though not explained, the plaintiff deposed Chief Martin *after* taking Mr. Demestihas' testimony. Thus, the plaintiff had the opportunity to ask Chief Martin what he told Mr. Demestihas. Most important, Chief Martin, clearly, has the most and best knowledge about what he said about this incident. Finally, the Court makes no comment about whether Mr. Demestihas can be called as a witness in this case aside from his 30(b)(6) testimony, except to note, no party has requested that he be barred as a witness. Consequently, the motion to substitute Mr. Mullins for Mr. Demestihas as the entity's representative on the topics upon which the latter was deposed, the motion is **GRANTED**.

IT IS SO ORDERED.

Dated: __October 7, 2019__          ____/s/ Jennifer L. Thurston__
                                    UNITED STATES MAGISTRATE JUDGE